# BROWN v. SOUTHEAST BANK, N.A.

## Case No. 83-260-AP

Eleventh Judicial Circuit, Appellate Division, Dade County

April 13, 1984

### APPEARANCES OF COUNSEL

**Leon B. Cheek, III,** for appellant.

**Beth Greenfield-Mandler** for appellee.

Before TENDRICH, NADLER AND SHAPIRO, JJ.

### OPINION OF THE COURT

PER CURIAM.

An action was brought in Dade County by Appellee Southeast Bank against Appellant and others seeking damages of less than $1500.00. Appellee was the assignee of Southeast Acceptance Corp. of Orlando. Exhibits attached to the Complaint include the Assignment, the Instalment Sales Contract which was entered into either in Winter Park of Maitland, Florida, and several other documents, none of which reflect any contact with Dade County. A curious Affidavit of Venue in printed form was also filed with the Complaint.

On October 7, 1982, the Appellant, Rose Borom, filed a letter with the Clerk asserting lack of venue in Dade County. She asked for dismissal of the case. The lower Court entered an Order on December 28, 1982, reserving ruling on Appellant's Motion "[P]ending receipt of

an Affidavit by the Defendant in which the Defendant sets forth all of her meritorious defenses to the Plaintiff's complaint". No Affidavit was filed and the lower Court entered Final Judgment against Appellant on April 21, 1983.

A Motion for Relief from Final Judgment was filed and summarily denied for improper reasons. This Appeal followed.

The documents filed with the Complaint affirmatively reflect lack of venue in Dade County with the exception of the very curious Affidavit of Venue. This Court is puzzled by the Order of the lower Court requiring Appellant to respond to the allegations of the Complaint without ruling on the venue issue. Failure of Appellant to have her letter notarized should not have precluded the Court from determining proper venue.

It is clear no venue exists in Dade County. Accordingly, the actions of the lower Court were in error. The Final Judgment entered on April 21, 1983, in favor of Appellee is vacated as is the default which apparently was improperly entered by a Deputy Clerk of Court. This case is remanded with instructions to the lower Court to grant Appellant's Motion for Change of Venue to Seminole County, Florida.

It is so ordered.